IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALEXIS TORRES TORRES and ISAIAS LOYOLA-GARCIA, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>KRISTI NOEM, et al., )<br>)<br>Respondents. ) | 1:25-cv-1866 (LMB/IDD) |

ORDER

Petitioners Alexis Torres Torres ("Torres") and Isaias Loyola-Garcia ("Loyola-Garcia") (collectively, "petitioners") have filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which they assert that they have been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency. Torres is a native and citizen of Peru and has been detained since October 14, 2025. Loyola-Garcia is a native and citizen of Mexico and has been detained since October 23, 2025. They seek a declaration from this Court that their detentions are governed by the discretionary detention provision contained in 8 U.S.C. § 1226(a), not the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2) (Count I). They also allege that their characterization by DHS as "applicant[s] for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting them to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count II) and their due process rights (Count III).

Petitioners are currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which they are suing Jeffrey Crawford, the warden of the Farmville Detention Center. They have also sued Kristi Noem, the DHS Secretary; Todd M.

Lyons, the Acting Director of ICE; Joseph Simon, the Director of ICE's Washington Field Office; and Pamela Bondi, the Attorney General (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that both Torres and Loyola-Garcia are detained pursuant to 8 U.S.C. § 1226(a). Accordingly, their Petition will be granted as to Count III, and respondents will be ordered to release petitioners from custody and provide them with bond hearings before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to the Petition, Torres entered the United States in February of 2022 and currently resides with his family in Olney, Maryland.[2] [Dkt. No. 1] at ¶ 34. On May 6, 2024, Torres was issued a Notice to Appear, which charged him with being inadmissible, and thus subject to removal, under 8 U.S.C. § 1182(a)(6)(A)(i). [Dkt. No. 9-1] at ¶ 7. On October 25, 2025, filed a Form I-589, Application for Asylum and Withholding of Removal. Id. ¶ 8. On October 14, 2025, Torres was detained near Arlington, Virginia while on his way home. [Dkt. No. 1] at ¶ 36. Torres is currently in removal proceedings, and a master calendar hearing is scheduled for November 12, 2025. Id. ¶ 38. He is not subject to a final order of removal, and Torres has not filed a motion for custody redetermination, [Dkt. No. 9-1] at ¶ 10–11.

Loyola-Garcia "entered the United States without inspection, between ports of entry across the U.S.-Mexico border, in approximately 1999, 2005 and for the last time in 2007" and "was released into the United States following a brief encounter with immigration officers." Id. ¶ 41. He currently resides with his U.S. citizen wife and three children in Hyattsville, Maryland

---

[1] Because the Court is granting relief on due process grounds, it need not address petitioners' claim for relief under the INA.

[2] The Petition originally identified Torres's residence as Manassas, Maryland, but counsel for Torres subsequently clarified that he resides in Olney, Marland. [Dkt. No. 4] at 1.

and was detained on October 23, 2025, near Arlington, Virginia while on his way home.[3] Id. ¶¶ 41–42, 46. The next day, Loyola-Garcia was issued a Notice to Appear, which charged him with being inadmissible, and thus subject to removal, under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). [Dkt. No. 9-1] at ¶ 15. He is currently in removal proceedings, and a master calendar hearing is scheduled for November 18, 2025. [Dkt. No. 1] at ¶ 45. He is not subject to a final order of removal, id., and he has not filed a motion for custody redetermination, [Dkt. No. 9-1] at ¶ 17. The record before this Court does not indicate that either petitioner has a criminal record.

Petitioners filed their Petition for Writ of Habeas Corpus on October 24, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that petitioners not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 2]. On November 3, 2025, Torres filed a Proposed Release Plan, which shows a fixed home address in Olney, Maryland, where he will reside if released. [Dkt. No. 6]. Additionally, Loyola-Garcia filed a Proposed Release Plan, which shows a fixed home address in Hyattsville, Maryland, where he will reside if released. [Dkt. No. 6-1]. The federal respondents have filed an opposition. [Dkt. No. 9]. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in the Petition is whether Torres and Loyola-Garcia are subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). The federal respondents contend that petitioners'

---

[3] The Petition originally identified Loyola-Garcia's residence as Manassas, Maryland, but counsel for Loyola-Garcia subsequently clarified that he resides in Hyattsville, Maryland. [Dkt. No. 4] at 1.

3

detentions are governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 9] at 6. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. at 6–9. Therefore, they argue that because petitioners have not been admitted "as a legal matter" into the United States, they are inadmissible under 8 U.S.C. § 1182(a), considered to be applicants for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 10.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as multiple district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See

---

[4] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released under bond of $1,500); Perez Bibiano v. Lyons et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); see also Chaudhari v. Crawford et al., 1:25-cv-1772-LMB-IDD, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Torres has been present in the United States since 2022, and Loyola-Garcia has been present in the United States since 2007. [Dkt. No. 1] at ¶¶ 34, 41. Because § 1226(a) sets forth

"the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), petitioners' detentions are governed by § 1226(a). And under § 1226(a) and its implementing regulations, petitioners are entitled to bond hearings before an Immigration Judge, in which an Immigration Judge must determine whether they pose a danger to the community, and whether they pose a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, petitioners' continued detentions are unlawful.

### III.

For all the reasons stated above, the Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that petitioners be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Petitioners must live at the fixed addresses identified in their Proposed Release Plans and appear at their bond hearings once the government notifies them of its date, time, and location; and it is further

ORDERED that respondents provide petitioners with standard bond hearings before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to petitioners on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if petitioners are granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[5]; and it is further

---

[5] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

ORDERED that respondents file a status report with this Court within 3 days of each bond hearing, stating whether petitioners have been granted bond, and, if their requests for bond were denied, the reasons for that denial.

The Clerk is directed to enter judgment in Torres's and Loyola-Garcia's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for November 7, 2025, and close this civil action.

Entered this 3rd day of November, 2025.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge